## HYDE & MERITT vs. GROCE.

APPEAL from the court of the first district.

When a note is produced on which the plaintiff's endorsement exists, he may prove the indorsee was his agent, although there be no such averment in the petition.

PORTER, J. delivered the opinion of the court. This case commenced by attachment. The counsel for the absent debtor pleaded the general issue, and a third party has intervened

and claimed the property as his.  We have consequently to examine the existence of the debt against the defendant, and the validity of the title to the property attached set up by the interpleader.

The suit is brought against the defendant, as partner in the house of Keep and Groce, the delivery of the goods is not much contested, but the existence of the partnership has been strenuously so.    We are of opinion that the jury did not err in the conclusion they came to that there was such a firm as that set out in the petition.

There are several bills of exceptions on the record, none of which under the opinion we have formed requires a particular examination from this court, except that taken to the introduction of witnesses to prove that the indorsement of the plaintiff's on the back of the note was made to an agent for collection.   In the admission of such testimony we think the court did not err, although such a fact was not specially averred in the petition; as was lately decided in the case of *Dicks, Booker & Co.* vs. *Cash,* for reasons which it is unnecessary to repeat here.    *Vol.* 7, 362.

Eastern Dist
March, 1829.

HYDE & AL.
vs.
GROCE.

Whether the sale of the cotton to the son in law of the defendant was simulated or in good faith, is a question of which the jury under all circumstances of the case were better judges than the court can possibly be. It is true the proof of its being so is not so strong as in many other instances of a similar kind that have come before this tribunal, but a view of the whole testimony has not brought us to the conclusion that the verdict is so contrary to evidence, as to authorize us to set it aside. Even if it did so, on another ground the plaintiff must prevail. The contract proved did not pass the property to the intervener. It was not a sale, nor a *dation en paiement*; there was no price, nor was it given in discharge of the debt alleged to be due by the defendant, to the interpleader. At the bottom of the account presented by the claimant, which purports to detail the different items by which the debt is created, there is the following acknowledgement by the defendant, "Received the above amount, which is to be deducted out of the proceeds of said cotton, and the overplus, if any, to be holden by said Wharton in right of his wife." This clearly proves to our judg-

ment that the cotton remained the property of the defendant. Had it perished on the voyage there would have been no proceeds made out of it, the loss would have been his, and he would still have been responsible for the debt due. *Res perit domino.* The case cannot be distinguished from that of *Bynum* vs. *Armstrong*, 5 *n. s.* 159.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Ripley & Conrad* for plaintiffs—*McCaleb* for defendants.